UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVEN MELEIKA, | : | |
| | : | |
| Petitioner, | : | Civ. No. 21-20776 (KM) |
| | : | |
| v. | : | |
| | : | |
| HUDSON COUNTY SUPERIOR COURT, | : | **OPINION** |
| | : | |
| Respondent. | : | |

## KEVIN MCNULTY, U.S.D.J.

Pro se Petitioner Steven Meleika applies for *in forma pauperis* ("IFP") status and seeks a writ of habeas corpus pursuant to 28 U.S.C § 2254. (DE 1.) I will grant IFP status. However, after screening, I will dismiss the Petition without prejudice for the reasons stated below.

All habeas petitions are subject to screening under Rule 4 of the Rules Governing § 2254 Cases, under which, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

Mr. Meleika is a frequent and repetitive filer of actions in this Court, some of them directly or indirectly involving the incident at issue here. He refers in his petition to a State conviction in Hudson County Superior Court for fourth degree aggravated assault-pointing a firearm. He states that he appealed from that conviction, an apparent reference to his unsuccessful appeal from denial of his PCR petition.

The following is quoted from the New Jersey Appellate Division's decision:

Defendant Steven A. Meleika appeals from an order denying his post-conviction relief (PCR) petition without an evidentiary hearing. He argues:

> POINT I
>
> BY NOT REPRESENTING DEFENDANT ON HIS MOTION TO WITHDRAW HIS GUILTY PLEA COUNSEL WAS INEFFECTIVE AND DEPRIVED DEFENDANT OF HIS RIGHT TO COUNSEL AND A FAIR TRIAL. (Not Raised Below.)
>
> POINT II

> COUNSEL'S FAILURE TO RAISE THE VIOLATION OF DEFENDANT'S RIGHT TO A SPEEDY TRIAL WAS INEFFECTIVE ASSI[S]TANCE OF COUNSEL, AND VIOLATED HIS RIGHT TO COUNSEL AND A FAIR TRIAL.

We are unpersuaded by these arguments and affirm.

I

On April 29, 2015, defendant was arrested and jailed arising from a drive-by shooting of a victim shot in the upper back, occurring three days earlier. On October 8, defendant was indicted for twelve offenses, including allegations of first-degree attempted murder, second-degree weapon (a handgun) possession, and third-degree aggravated assault. Defendant's father was also charged in the same indictment with third-degree hindering the apprehension of another and fourth-degree obstruction of the administration of law.

Seven months after being indicted, on May 16, 2016, defendant pled guilty to fourth-degree pointing a weapon at another person. The plea agreement called for the State's recommendation of an eighteen-month prison term with an eighteen-month period of parole ineligibility as a Graves Act, N.J.S.A. 2C:43-6(c), offense and the dismissal of the remaining charges against him. In addition, all charges against defendant's father were dismissed.

On December 16, defendant appeared for sentencing. Against his trial counsel's advice, he moved to withdraw his guilty plea. Counsel informed the court that because defendant disagreed with the application, he wanted to represent himself. Defendant was allowed to argue the motion, which the court denied. The court then imposed a sentence in accordance with the State's recommendation and granted defendant 597 days of jail credits. Defendant did not file a direct appeal.

On August 19, 2019, defendant, who was no longer confined, filed a pro se petition for post-conviction relief alleging trial counsel was ineffective for: (1) not moving to withdraw his "invalid" guilty plea because he possessed an antique firearm which did not constitute a weapon; and (2) not moving to dismiss the charges against him because he was not afforded a speedy trial. Defendant's assigned PCR counsel submitted a brief and amended the petition by having defendant assert that he "did not possess a[n operable] weapon" and "did not point this weapon at anyone."

After hearing the parties' arguments, the PCR judge entered an order and issued a decision from the bench denying relief without an evidentiary hearing. Applying the well-known two-prong test to establish ineffectiveness of counsel, *Strickland v. Washington*, 466 U.S. 668, 687 (1984) and *State v. Fritz*, 105 N.J. 42, 58

(1987), the judge found there was no prima facie claim that: (1) trial counsel's performance was deficient and (2) the performance prejudiced the defense.

*State v. Meleika*, No. A-4103-19, 2022 WL 554204, at *1 (N.J. Super. Ct. App. Div. Feb. 24, 2022). The Appellate Division denied that appeal, finding no grounds for withdrawal of the guilty plea, no denial of speedy trial rights, and no ineffective assistance of counsel.

The petition is defective for multiple reasons.

1.  *Timeliness*

First, the petition does not appear to be timely. The statute of limitations for this § 2254 petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is set forth in 28 U.S.C. § 2244(d), which states:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of—
>
> 2 (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, the one-year AEDPA limitations period runs from the date a state court judgment becomes final. A judgment becomes final at the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir.2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir.1999) (noting that state supreme court's decision became final after ninety days, the deadline for seeking a writ of certiorari from the U.S. Supreme Court).

Mr. Meleika's conviction occurred on December 16, 2016. It does not appear from the record, and Westlaw and New Jersey eCourts searches do not disclose, that Mr. Meleika took a direct appeal from his conviction within the 45-day deadline, or at any point thereafter. *See* N.J. Ct. R. 2:4–l(a). The one-year federal AEDPA deadline, then, began to run on January 31, 2017. Mr. Meleika filed a petition for PCR some 29 months later, on August 19, 2019. *State v. Meleika*, 2022 WL 554204, at *1. By then, however, the AEDPA one-year deadline for a federal habeas petition had long ago expired. The filing of a PCR petition may toll the running of the

habeas limitation period, but it cannot revive a period that has already expired. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) (state post-conviction relief petition had no effect on tolling because the limitations period had already run when it was filed).

For the removal of doubt, however, I consider additional grounds for dismissal.

2. *Custody*

Second, Petitioner does not allege that he is "in custody," a prerequisite to any habeas claim. *See* 28 U.S.C. § 2254(a). Indeed, I denied his prior habeas petition on those grounds. *See Meleika v. Hudson County Superior Court*, Civ. No. 21-11592 (DE 7, "Prior Decision," filed 12/20/2021).[1] That Prior Decision authorized submission of an amended petition within 60 days. This separate petition, filed nine days after that dismissal, is apparently Petitioner's response. It fails, however, to remedy the defects of the original, including the lack of any allegation of continuing custody.[2]

---

[1] Mr. Meleika apparently finished service of sentence some time ago. He was sentenced to eighteen months' imprisonment on December 16, 2016, but received credit for 597 days. (The Appellate Division also notes that he was "no longer confined" when he filed his PCR petition on August 19, 2019.)

The only ongoing "custody" alleged in the prior petition involved such collateral consequences as denial of a firearms permit, not cognizable on habeas. *See* Prior Decision, Civ. No. 21-11592 (DE 7).

[2] The Prior Decision gave some guidance, largely ignored, as to what an amended petition should include to avoid dismissal:

> Reading the Petition liberally, my best guess is that Petitioner seeks to challenge the collateral consequence of his conviction: the denial of a concealed carry weapons permit. Assuming that to be the case, however, the ordinary collateral consequences or civil disabilities flowing from conviction, although they may be restraints on liberty, do not place a person "in custody" within the meaning of the habeas corpus statute. *Hanson v. Cir. Ct. of First Jud. Cir. of Illinois*, 591 F.2d 404, 407 (7th Cir. 1979) (citing *Furey v. Hyland*, 395 F. Supp. 1356 (D.N.J.1975), *aff'd without opinion*, 532 F.2d 746 (3d Cir. 1976) (custody not established by allegations of potential loss of physician's license, damage to professional and community reputation, and statutory disabilities including possible use of conviction to impeach petitioner's credibility as a witness, bar from holding game licenses, liquor licenses and gun permits, and disqualification from serving as a juror or municipal officer or employee) . . . . [Further citations omitted.] To the extent that Petitioner may have some other claim, however, I will permit him the opportunity to amend the Petition.
>
> If Petitioner chooses to amend, I also note that the current submission omits the answers to nearly every prompt (including naming a respondent), which prevents me from reviewing whether the Petition has complied with jurisdictional requirements and the various procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), including timeliness and exhaustion of state remedies. *See, e.g., Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254 requiring a petitioner to name the

### 3. *Merits of challenge*

Third, Petitioner does not allege that his guilty plea, which waived substantive defenses, was defective in any manner cognizable in federal court. Both the PCR court and the Appellate Division rejected his attempts to vacate the plea on substantive and ineffective-assistance grounds, and no legal defect appears. The petition raises only one arguably new basis for federal habeas relief:

> The plaintiff litigates the dismissal of the conviction 4th degree aggravated assault by pointing a firearm in New Jersey. The defendant violated the plaintiff 2nd amendment right. The facts are that the guns in evidence are not firearm but black powder pistols that utilize a primitive ignition system that make them antiques not making them firearms by statue antique firearms are exempt from the firearm laws.

(DE1 at 10). No basis for relief appears. It is true that, federally, certain antique or black powder firearms may enjoy an exemption from laws prohibiting possession or requiring registration of firearms. *See* 26 U.S.C. § 5845(a) ("The term 'firearm' shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.")[3]

---

> "state officer having custody"). Accordingly, any request to reopen and amend the Petition—which, I emphasize again, should include the index number in the caption above—must also answer the Petition's relevant prompts. This includes additional information about the underlying conviction and efforts to attack that conviction, either through direct appeal or post-conviction collateral relief (PCR). While Petitioner need not list exhaustively the details of every claim, he must elaborate.

(Prior Decision at 2.)

[3] Federal habeas relief is available only where a conviction was obtained in violation of federal law, not state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 480 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

I note in passing, however, that State firearms laws seems to be less specific as to antique firearms, tending to focus more generally on operability. Here is an example:

> Had the Legislature wanted to carry forward from the previous law the exemption for antique firearms, the amendment would have provided the perfect opportunity. Omission of such an exemption cannot, in these circumstances, be deemed a legislative oversight. N.J.S.A. 2C:39-7 must be construed as evincing a conscious purpose by our legislators to forbid possession by a convicted felon of even antique firearms, as defined in N.J.S.A. 2C:39-1(a), so long as they are operable or readily made so.

Petitioner, however, was not convicted of illegal possession of a firearm under federal law. He was convicted of aggravated assault under state law. As to that charge, the legal status of the firearm under federal law is not relevant. Nor is the Court aware of any precedent holding that the Second Amendment bars a conviction for assault, merely because it was accomplished with a firearm.

## CONCLUSION

For the reasons stated above, Petitioner's application to proceed *in forma pauperis* (DE 1) is GRANTED, and, on initial screening, the Petition shall be DISMISSED without prejudice.

Dated: July 5, 2022

/s/ Kevin McNulty

_____
KEVIN MCNULTY
United States District Judge

---

*State v. Kaniper*, 180 N.J. Super. 573, 577, 435 A.2d 1195, 1196 (Law. Div. 1981). *See also In re Echevarria*, No. A-3745-08T4, 2010 WL 4028108, at *5 n.2 (N.J. Super. Ct. App. Div. Aug. 20, 2010) (requirement of permit to transfer long gun, "including black powder or BB rifle"). And even the exemption in the prior law was given a very narrow construction. *See Serv. Armament Co. v. Hyland*, 70 N.J. 550, 362 A.2d 13 (1976) (certain replicas not exempt).

As I say, federal habeas relief would not be available for any error of state law. But at any rate, the Appellate Division held that there was no such error:

> Defendant's bald assertion that "I did not point this weapon at anyone," is insufficient. *See State v. Cummings*, 321 N.J. Super. 154, 170 (App. Div. 1999) (holding a defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." (citing R. 1:6-6)). There was no evidence provided beyond his claim that the gun was inoperable.

*State v. Meleika*, No. A-4103-19, 2022 WL 554204, at *2. The original charge, by the way, was that the weapon was actually discharged, and that the victim was injured. Pursuant to a plea bargain, Petitioner admitted under oath to pointing a firearm at another individual and knowing that doing so could cause injury or death. (N.J. Sup. Ct. eCourts, Index No. HUD-15-001240, Doc. No. CRM2019046163 at 9.)